UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART INDUSTRIES, INC.,<br><br>Defendants. | C.A. No. 1:04-CV-10657-DPW (BOSTIK MIDDLETON)<br>C.A. No. 1:04-CV-10684-DPW (WHITMAN) |

## BLACK & DECKER'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES

Black & Decker moves that this Court enter an Order that it is entitled to recover all attorney's fees and expenses it incurred in prosecuting its claims regarding the Bostik Middleton and Whitman sites, including (1) all fees and expenses that were specifically related to the Bostik Middleton and Whitman sites, (2) an allocable percentage of all fees and expenses that were not directly related to Bostik Middleton, Whitman or any other specific site and did not relate to lost policy issues and (3) an allocable percentage of all fees and expenses related to lost policy issues. In support there of it states.

1. As a result of this Court's Memorandum and Order Regarding Summary Judgment dated December 5, 2003 and a subsequent trial, Black & Decker established that Liberty Mutual was in breach of its duties to indemnify and defend Black & Decker with respect to claims of contamination relating to the Bostik Middleton and Whitman sites.

2.  As an insured that prevailed in a declaratory judgment action, Black & Decker is entitled to an "assessment of the reasonable attorney's fees and expenses incurred … in prosecuting the declaratory judgment action." Rubenstein v. Royal Ins. Co. of America, 429 Mass. 355, 360-61 (1999). The first two categories of attorney's fees and expenses that Black & Decker seeks to recover in this motion are recoverable pursuant to Rubenstein.

3.  A provision in the applicable policies requires Liberty Mutual to reimburse its insured for "all reasonable expenses … incurred at [Liberty Mutual's] request." Such a provision has been construed to entitle the insured to recover attorney's fees and expenses incurred in establishing its right to coverage under the applicable insurance policies, as the insurer has requested that the insured litigate coverage. E.g., Great West Cas. Co. v. See, 185 F. Supp. 2d 1164, 1173 (D. Nev. 2002); Guaranty Nat'l Ins. Co. v. McGuire, 173 F. Supp. 2d 1107, 1115-16 (D. Kan. 2001); Flannery v. Allstate Ins. Co., 49 F. Supp. 2d 1223, 1232-33 (D. Colo. 1999); Citizens Ins. Co. of America v. Charity, 871 F. Supp. 1401, 1404 (D. Kan. 1994); State Farm Fire & Cas. Co. v. Sigman, 508 N.W.2d 323, 325 (N.D. 1993); Security Mut. Cas. Co. v. Luthi, 226 N.W.2d 878, 881, 883-885 (Minn. 1975); Upland Mut. Ins., Inc. v. Noel, 519 P.2d 737, 743 (Kan. 1974); Occidental Fire & Cas. Co. v. Cook, 435 P.2d 364, 368 (Idaho 1967). Said policy provision entitles Black & Decker to recover all three categories of fees and expenses that it seeks in this motion. Unlike the common law rule enunciated in Rubenstein, this policy provision permits recovery of fees and expenses related to lost policy issues.

4.  The basis for this motion is set forth in greater detail in Black & Decker's Memorandum Regarding Recoverability of Attorney's Fees and Expenses, filed herewith and

incorporated herein.

                    By its attorneys,

                    /s/Jack R. Pirozzolo            .
                    Jack R. Pirozzolo BBO# 400400
                    Richard L. Binder BBO# 043240
                    Willcox, Pirozzolo & McCarthy
                    Professional Corporation
                    50 Federal Street
                    Boston, Massachusetts 02110
                    (617) 482-5470