```
                                                         12-1
 1                              Volume 12, Pages 1-171
 2              UNITED STATES DISTRICT COURT
 3               DISTRICT OF MASSACHUSETTS
 4   ----------------------------------------
 5   LIBERTY MUTUAL INSURANCE COMPANY,
 6                   Plaintiff
 7   vs.                              CA-96-10804-DPW
 8
 9   THE BLACK & DECKER CORPORATION, BLACK
10   & DECKER, INC., BLACK & DECKER (U.S.)
11   INC., EMHART CORPORATION, and EMHART
12   INDUSTRIES, INC.,
13                   Defendants
14   ----------------------------------------
15       BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
16           UNITED STATES DISTRICT COURT JUDGE
17       JURY TRIAL AND CHARGE CONFERENCE- DAY 12
18              Tuesday, February 10, 2004
19                 9:07 a.m. to 3:44 p.m.
20              Courtroom No. 1 - 3rd Floor
21     1 Courthouse Way, Boston, Massachusetts 02210
22       --------- Alan H. Brock, RDR, CRR ---------
23              Farmer Arsenault Brock LLC
24   50 Congress Street, Boston, Massachusetts 02109
25           617.728.4404   Fax 617.728.4403
```

12-150

1  understand Your Honor is inviting Mr. Lepore to point to
2  the evidence.  Otherwise I don't think that there's
3  anything else that is in issue.
4         MR. LEPORE:  I am not convinced that putting a
5  question about late notice or voluntary payment or
6  prejudice to the jury is appropriate at this particular
7  moment, Your Honor.
8         THE COURT:  You are not convinced.
9         MR. LEPORE:  I am not convinced that it would
10 be appropriate to do that.  I would like the opportunity
11 to discuss that with my client before tomorrow morning.
12        THE COURT:  Your case isn't through.  I'm just
13 trying to bring myself -- I've been living this blissful
14 belief that I was not going to have to instruct the
15 jury.  I've been shaken out of that.  So now I've got to
16 start thinking about it, and that's what I'm trying to
17 do, just to identify what it is I'm going to start
18 spending some time on.
19        MR. LEPORE:  I totally understand, Your Honor.
20        Now, with respect to the issue of the
21 prejudice:  This is different, I think, in some respects
22 than Whitman.  Remember we were talking about the
23 opportunity to raise the inference with the jury in
24 closing, and you explained quite explicitly that I could
25 not do that?  May I ask the question with respect on the

12-151

1  Bostik site?
2         The understanding is that we didn't get notice
3  until November of '94. There's no question about that.
4  In fact, Your Honor has ruled that any of the expenses
5  incurred before November of '94 are not recoverable.
6  Presumably the understanding is that we were prejudiced
7  by whatever they spent before '94, and understanding
8  that as of November of '94 going forward we had a chance
9  to deal with it. I think that's the reasoning behind
10 Your Honor's ruling.
11        The question is: Since we still didn't know
12 about it until November of '94 and all sorts of things
13 were ongoing, particularly with respect to, not just the
14 Phase I and Phase II, but I don't know how to allocate
15 this yet. There was some remediation going on, and it
16 wasn't just at the pilot plant.
17        The question is -- and this is what we need to
18 talk about -- what other expenses were there before '94,
19 if any, and are we entitled to at least raise the
20 inference with the jury that, since we didn't know about
21 it until November of '94, we couldn't have done anything
22 about it?
23        THE COURT: Well, the problem I have with this
24 is as follows: As it's sometimes phrased in these kinds
25 of cases, if they bought a Cadillac when a Chevrolet

12-152

1  would have gotten them there, then maybe it's open.  But
2  nobody has said that they haven't done the right thing
3  in this area.
4          Now, drawing back to public-policy kinds of
5  point of view, that you didn't get notice until a rather
6  late date, it seems to me shouldn't be charged with
7  those earlier monies.  That's why I drew the line in
8  November.  But after that point you've got some duty.
9  You know, I hear that Ms. Biagioni is reviewing the
10 invoices and stuff for Total, making requests for
11 changes or raising objections or that sort of thing.
12 Well, you should have been doing the same thing, is my
13 view, if you want to raise it -- and I don't see any of
14 that going on.  And I gather -- I mean, the inference I
15 draw is that they were doing a pretty good job of
16 addressing a difficult issue.
17         So that's why I'm resistant to it.  I'm not
18 ruling it out, but I'm resistant to the idea of raising
19 any inference of prejudice, that you would have been
20 prejudiced in some undetermined fashion because you
21 could have done something differently, the dimensions of
22 which we're not going to disclose to you.
23         MR. LEPORE:  Understood, Your Honor.  That's
24 what we're going to be talking about.
25         MR. PIROZZOLO:  Your Honor, the factors --

1  we're not claiming anything for before -- I mean, the
2  figures relate only to work after January 1, 1995.
3          THE COURT: I understand.
4          MR. PIROZZOLO: And I think that under the
5  Darcy and Hoechst case, they have to come forward with
6  something. They can't just say time passed.
7          THE COURT: That's my inclination. They're
8  going to talk about it in any event -- amongst
9  themselves.
10         MR. PIROZZOLO: I thought you meant to the
11 jury.
12         MR. LEPORE: Oh, no.
13         THE COURT: I decide who talks to the jury,
14 but among yourselves you can talk to whoever you want.
15         MR. PIROZZOLO: I don't know where this fits
16 in, but the duty to defend, I don't see how that -- I
17 think that's at this point for the Court. I don't see
18 any evidence other than there's a notice, and consistent
19 with the Court's ruling at the other sites, I would
20 think it's just strictly -- I just can't see a fact
21 issue.
22         THE COURT: I'm not sure I can any more,
23 either. Mr. Lepore, do you agree with that?
24         MR. LEPORE: Quite honestly, Your Honor, I do
25 agree. The reason I agree is that I think the duty to