UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION,<br>BLACK & DECKER, INC., BLACK & DECKER<br>(U.S.) INC., EMHART CORPORATION, and<br>EMHART, INC.,<br>Defendants. | No. 1:04-CV-10657-DPW<br>(Bostik Middleton Site)<br><br>No. 1:04-CV-10684-DPW<br>(Whitman Site) |

**MOTION OF LIBERTY MUTUAL INSURANCE COMPANY
TO PROHIBIT BLACK & DECKER'S RECOUPMENT OF
ATTORNEYS' FEES INCURRED IN DECLARATORY
JUDGMENT ACTION WITH RESPECT TO
<u>WHITMAN AND BOSTIK MIDDLETON SITES</u>**

Pursuant to Federal Rule of Civil Procedure 50(b), 59(e), and 60(b), plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), respectfully moves this Court for entry of an Order prohibiting defendants, The Black & Decker Corporation, et al. ("Black & Decker"), from recouping the attorneys' fees incurred in connection with the instant declaratory judgment action as it pertains to the Whitman and Bostik Middleton sites (the "Sites").

As more fully set forth in the accompanying Memorandum of Law, Black & Decker contends that it is entitled to recoup the attorneys' fees it expended in litigating this declaratory judgment action with respect to the Sites under the Massachusetts Supreme Judicial Court's decisions in <u>Rubenstein v. Royal Insurance</u>

Company of America, 429 Mass. 355 (1999), and Hanover Insurance Company v. Golden, 436 Mass. 584 (2002). The facts of this case render Rubenstein and its progeny inapposite, however, because Black & Decker defended itself for years before even notifying Liberty Mutual of the existence of coverage claims concerning the Sites. Since Black & Decker defended itself for years before even requesting a defense from Liberty Mutual, Black & Decker did not suffer from any wrong that an award of declaratory judgment action attorneys' fees under Rubenstein is intended to redress. Accordingly, because the policy rationale for Rubenstein's abrogation of the American Rule concerning attorneys' fees is not present in this case, Black & Decker should be prohibited from recovering its attorneys' fees incurred in litigating this coverage case with respect to the Sites.

Alternatively, if this Court nevertheless determines that Rubenstein is applicable, Black & Decker should only be permitted to recover its attorneys' fees related to establishing the duty to defend with respect to the Sites. Rubenstein expressly limited the award of declaratory judgment action attorneys' fees to those incurred in establishing the existence of the wrongfully-denied duty to defend. Accordingly, Black & Decker cannot recover any fees relating to establishing the duty to indemnify, the existence of missing policies, or other issues not directly related to the duty to defend. Liberty Mutual respectfully submits that the cut-off date for Black & Decker's defense-related attorneys' fees should be March 2, 1998, when Black & Decker filed its last brief in support of its Motion for Summary Judgment seeking to establish the duty to defend at the Sites.

Finally, any attorneys' fees which Black & Decker is permitted to recover must be reasonable in amount and necessary to Black & Decker's proof of the existence of a duty to defend with respect to the Sites. Black & Decker must present invoices which provide a basis for this Court to determine whether the proffered attorneys' fees are reasonable, and relate solely to proof of the duty to defend at the two Sites. Liberty Mutual respectfully submits that should Black & Decker be permitted to present an application for reimbursement of declaratory judgment action attorneys' fees, then Liberty Mutual should be afforded the opportunity to challenge the reasonableness and necessity of those fees.

WHEREFORE, Liberty Mutual respectfully requests that this Court enter an order:

1. declaring that Black & Decker is not entitled to reimbursement of any attorneys' fees incurred in the instant declaratory judgment action;

2. in the alternative, declaring that Black & Decker is entitled to reimbursement of only those attorneys' fees incurred in establishing the duty to defend with respect to the Whitman and Bostik Middleton sites;

3. declaring that, to the extent that Black & Decker is permitted to recoup its attorneys' fees incurred in establishing the duty to defend at the Whitman and Bostik Middleton sites, the fees

    which are potentially eligible for reimbursement are only those incurred for that purpose up to and including March 2, 1998;

4. declaring that Liberty Mutual shall have the opportunity to challenge the reasonableness and necessity of the attorneys' fees presented by Black & Decker for reimbursement with respect to establishing the duty to defend with respect to the Whitman and Bostik Middleton sites; and

5. awarding such other and further relief as this Court deems just.

    LIBERTY MUTUAL INSURANCE COMPANY

    By its attorneys,

    /s/ Ralph T. Lepore, III
    Ralph T. Lepore, III (BBO 294420)
    Janice Kelley Rowan (BBO 265520)
    HOLLAND & KNIGHT LLP
    10 St. James Avenue
    Boston, MA  02116
    (617) 523-2700

Dated:  June 8, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2004, I caused a copy of the foregoing to be served by hand on Jack R. Pirozzolo, Esq., counsel to defendants, at Willcox, Pirozzolo & McCarthy, P.C., 50 Federal Street, Boston, MA  02110.

    /s/ Janice Kelley Rowan
    Janice Kelley Rowan

# 2000830_v1