UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:04-CV-10657-DPW<br>(Bostik Middleton Site)<br><br>No. 1:04-CV-10684-DPW<br>(Whitman Site) |

**MEMORANDUM OF LAW IN SUPPORT OF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO PROHIBIT BLACK & DECKER'S RECOUPMENT OF ATTORNEYS' FEES INCURRED IN DECLARATORY JUDGMENT ACTION**

Pursuant to Federal Rule of Civil Procedure 50(b), 59(e), and 60(b), plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), respectfully submits this memorandum of law in support of its Motion to Prohibit Black & Decker's Recoupment Of Attorneys' Fees Incurred In Declaratory Judgment Action.

As more fully set forth below, defendants, The Black & Decker Corporation, et al. ("Black & Decker"), seek to recoup the attorneys' fees they incurred in connection with litigating this declaratory judgment action with respect to the Whitman and Bostik Middleton sites (the "Sites"). Black & Decker contends that it is entitled to recover those fees under the Supreme Judicial Court's decisions in Rubenstein v. Royal Insurance Company of America, 429 Mass. 355 (1999), and Hanover Insurance Company v. Golden, 436 Mass. 584 (2002). Rubenstein and its

progeny are inapposite, however, because of Black & Decker's inordinate delay in seeking to avail itself of the contractual right to a defense in the underlying case which Rubenstein's award of declaratory judgment action attorneys' fees is supposed to vindicate. Accordingly, because the policy rationale for Rubenstein's abrogation of the American Rule concerning attorneys' fees is not present in this case, Black & Decker should be prohibited from recovering its attorneys' fees incurred in litigating this coverage case with respect to the Sites.

Alternatively, should this Court determine that Rubenstein is applicable, Black & Decker can only recover its reasonable and necessary attorneys' fees relating to establishing the duty to defend. Accordingly, Black & Decker cannot be awarded any fees relating to establishing the duty to indemnify, the existence of missing policies, or other issues not directly related to the duty to defend.

## Background of the Motion

In a motion in limine filed on January 7, 2004, Liberty Mutual sought a ruling that Black & Decker would be precluded from presenting evidence at trial concerning its alleged entitlement to its attorneys' fees incurred in the declaratory judgment action with respect to the Sites. In a conference with the Court, the parties agreed that Liberty Mutual's motion would be held in abeyance until after the trial. Liberty Mutual now seeks to renew its motion in limine, and to obtain an order from the Court declaring that Black & Decker is not entitled to recoup the attorneys' fees it expended in litigating this declaratory judgment action.

**Argument**

I.      *RUBENSTEIN* **IS INAPPLICABLE TO THIS CASE.**

In Rubenstein, the Massachusetts Supreme Judicial Court carved out an exception to the American Rule with respect to attorneys' fees awards by holding that a policyholder which succeeded in establishing that an insurer had breached its duty to defend under a comprehensive general liability policy was entitled to an award of the attorneys' fees it had incurred in the declaratory judgment action in which the breach was proven.  See Rubenstein, 436 Mass. at 359 ("an insured 'is entitled to the reasonable attorney's fees and expenses incurred in successfully establishing the insurer's duty to defend under the policy'.") (quoting Preferred Mutual Ins. Co. v. Gamache, 426 Mass. 93, 98 (1997)(awarding attorneys' fees for declaratory judgment action under homeowner's policy)).  The SJC based its departure from the American Rule on the grounds that the policyholder had been deprived of the benefit of its bargain under the insurance contract when, after promptly requesting that the insurer defend it in the underlying action, it was denied such a defense by the insurer, thereby requiring the policyholder to pursue a declaratory judgment action in order to obtain the defense to which it was entitled under the policy.  See Rubenstein, 429 Mass. at 358, 360 ("'[t]o impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain'.")(quoting Hayseeds, Inc v. State Farm Fire & Cas., 177 W. Va. 323, 329, 352 S.E.2d 73 (1986)).

The SJC found that an award of attorneys' fees was necessary in order to prevent the insurer from causing the policyholder to lose money in an effort to obtain the defense which it had requested, and to which it was entitled, under the insurance policy.  Rubenstein, 429 Mass. at 357 (citing Gamache, 426 Mass. at 96-97).  Accordingly, the linchpin of an attorneys' fee award under Rubenstein and its "benefit of the bargain" rationale is a prompt invocation by the policyholder of its alleged contractual right to a defense under the policy.  See, e.g., Rubenstein, 429 Mass. at 360 ("After the damages action was filed, the trustees requested that the defendant assume defense of the action, but the defendant declined.").

Unlike the policyholders in Rubenstein, Gamache, and their progeny, Black & Decker did not promptly seek to avail itself of the alleged contractual right to a defense of the underlying claims involved at the Sites.  Instead, as this Court has found, Black & Decker waited for years before informing Liberty Mutual of its claims, spending its own funds for defense, assessment, and remediation at the Sites without seeking any coverage from Liberty Mutual.  See December 5, 2003 Memorandum and Order at 102, 121, and 134.  Black & Decker did not provide notice of any claim with respect to the Bostik Middleton site until November, 1994, despite having received a Notice of Responsibility from the Massachusetts Department of Environmental Protection in November, 1986, and having spent several million dollars on alleged site assessment and remediation activities at the site prior to giving notice to Liberty Mutual.  Similarly, at the Whitman site, Black & Decker also spent hundreds of thousands of dollars on alleged defense,

4

assessment, and remediation costs in the late 1980's and early 1990's before notifying Liberty Mutual of its claim for a defense on November 3, 1994.

Black & Decker's willingness to forego asserting its alleged contractual right to a defense with respect to the Sites for years, while it spent millions of its own dollars on alleged defense, assessment, and remediation activities, does not constitute the loss of the "benefit of the bargain" that the Rubenstein fee-shifting rule is intended to ameliorate. Liberty Mutual did not decline to provide a defense in response to a prompt request therefor by Black & Decker; instead, Black & Decker addressed the alleged contamination conditions at the Sites on its own for years, without seeking insurance coverage. Black & Decker cannot be considered to have lost the benefit of a bargain when it did not satisfy the prerequisites to performance of that bargain by providing prompt notice of its claims. Because the policy rationale for the Rubenstein decision is not present in the instant case, Black & Decker should not be entitled to an award of its attorneys' fees incurred in this declaratory judgment action.

> II. **IF RUBENSTEIN IS FOUND TO BE APPLICABLE, BLACK & DECKER MAY NOT RECOUP ATTORNEYS' FEES RELATING TO ANY ISSUE OTHER THAN THE DUTY TO DEFEND AT THE WHITMAN AND BOSTIK MIDDLETON SITES.**

Even if Rubenstein is found to be applicable to the instant case, which Liberty Mutual denies, Black & Decker is not entitled to recoup all of its attorneys' fees incurred in litigating this declaratory judgment action, because Rubenstein allows the award of only those fees which are related to establishing a breach of the

5

duty to defend, and not any fees related to proof of missing insurance policies or the existence of a duty to indemnify.[1] In Rubenstein, the SJC specifically stated that "the [insurer] should not be charged for the fees and expenses incurred by the [insured] in establishing the existence, terms, and conditions of the missing insurance policies." 429 Mass. at 361. Accordingly, should this Court determine that Rubenstein is applicable here, Black & Decker may not recoup any fees it expended in attempting to prove the existence and terms of the missing USM policies allegedly applicable to the Sites.

Moreover, in applying its exception to the American Rule, the SJC has consistently stated that attorneys' fees are available only for establishing the duty to defend in a declaratory judgment action, even when that lawsuit involved claims for both the duty to defend and the duty to indemnify. See, e.g., Rubenstein, 429 Mass. at 356 (granting application for further appellate review "solely to consider whether the trustees are entitled to recover the attorneys' fees they incurred in successfully establishing the [insurer's] duty to defend under its insurance policy"). As noted by the dissent in Hanover Ins. Co. v. Golden, 436 Mass. 584, 593 & n.4 (2002) (dissent), the award of attorneys' fees in Rubenstein related to the policyholder's establishment of the duty to defend, and did not extend to additional legal issues in the case, as demonstrated by the carve-out of the fees expended on "missing policy" issues. Since the duty to defend is separate from the duty to

---

[1] Neither may Black & Decker recover any attorneys' fees expended in its pursuit of bad faith claims, which are subject to a separate recoupment mechanism, if warranted, under M.G.L. c. 93A.

indemnify, and is the subject of a specific provision of the policies, any award of fees under Rubenstein for establishing a breach of the duty to defend should extend only to the fees expended in connection with proof of that breach.  Black & Decker is therefore precluded from recouping the attorneys' fees it expended in proving whether coverage for the alleged pollution damages at the Sites actually exists under the terms of the USM policies.[2]

In the instant case, Black & Decker should be found to have stopped incurring costs to establish the duty to defend as of March 2, 1998, when it filed its final brief in support of its Motion for Summary Judgment as to the duty to defend at the Whitman and Bostik Middleton sites.[3]  All discovery, motion, trial preparation, and actual trial activities thereafter were devoted to establishing Liberty Mutual's alleged duty to indemnify, and are not recoverable under Rubenstein.[4]

---

[2] Even if Black & Decker were somehow able to recoup the fees incurred in establishing Liberty Mutual's duty to indemnify at the Sites, Black & Decker should not be allowed to recover fees associated with its unsuccessful challenge to the applicability of the owned property exclusion in the USM policies at the Bostik Middleton site.

[3] Since the Motion for Summary Judgment and the activities preceding its filing related to more than twenty sites, it would be necessary for Black & Decker to establish the percentages of its attorneys' fees incurred prior to March 2, 1998 which relate to the Whitman and Bostik Middleton sites.

[4] At the latest, Black & Decker's attorneys' fees related to establishing the duty to defend ended on December 5, 2003, when this Court issued its Memorandum and Decision concerning the existence of a duty to defend at the Whitman and Bostik Middleton sites.  Since many, if not most, of the fees incurred between March, 1998 and December, 2003 would be related to indemnification issues, rather than the duty to defend, it would be necessary for Black & Decker to present evidence concerning the percentages of those fees that were related to the duty to defend at the Whitman and Bostik Middleton sites.

### III. ANY ATTORNEYS' FEES AWARD TO BLACK & DECKER IS LIMITED TO <u>REASONABLE FEES ONLY</u>.

Should this Court determine that Black & Decker is entitled to an award of attorneys' fees under <u>Rubenstein</u>, Black & Decker may only recoup those fees which are demonstrably reasonable in amount and necessary to Black & Decker's proof of Liberty Mutual's alleged breach of the duty to defend at the Sites. It is axiomatic that when the duty to defend has been established, a policyholder is only entitled to reasonable attorneys' fees and costs. <u>See</u> <u>Liberty Mutual Insurance Company v. Continental Casualty Company</u>, 771 F.2d 579, 582 (1st Cir. 1985)("only reasonable fees may be recovered"); 7C J. Appelman, <u>Insurance Law and Practice §4691</u>, at 261 (1979) ("[A]ttorneys' fees incurred by the insured in the defense of an action must be shown to be reasonable to allow a recovery thereof from the insurer."). An award of attorneys' fees incurred in a declaratory judgment action concerning the existence of a breach of the duty to defend should therefore similarly be restricted to those fees which are demonstrably reasonable and necessary to making that proof.

To the extent that Black & Decker is not able to present invoices which provide the Court with a basis for determining the reasonableness of the requested fees, the Court should decline to award those fees. <u>See</u> <u>generally</u> <u>Chicago Ins. Co. v. Lappin</u>, 58 Mass. App. Ct. 769, 783, 792 N.E.2d 1018, 1027 (2003) (an award of defense costs "rests in sound judicial discretion"; in order for the court to make that determination, the claimant must provide the court with documents "sufficient to provide . . . a proper decisional foundation."). Liberty Mutual respectfully submits

that should Black & Decker be permitted to present an application for recoupment of its declaratory judgment action fees related to the duty to defend at the Whitman and Bostik/Middleton sites, Liberty Mutual should be afforded the opportunity to challenge Black & Decker's proof of the reasonableness and necessity of those fees.

## Conclusion

For the foregoing reasons, Black & Decker is prohibited from receiving any award of its attorneys' fees incurred in connection with this declaratory judgment lawsuit.  Alternatively, should this Court determine that <u>Rubenstein</u> is applicable to this case, Black & Decker's recoupment of attorneys' fees is limited to only those reasonable and necessary fees incurred in establishing Liberty Mutual's alleged breach of the duty to defend with respect to the Whitman and Bostik Middleton sites.

        Respectfully submitted,

        LIBERTY MUTUAL INSURANCE COMPANY

        By its attorneys,

        /s/ Ralph T. Lepore, III
        Ralph T. Lepore, III (BBO #294420)
        Janice Kelley Rowan (BBO #265520)
        HOLLAND & KNIGHT LLP
        10 St. James Avenue
        Boston, MA  02116
        (617) 523-2700

Dated:  June 8, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2004, I caused a copy of the foregoing document to be served by hand upon Jack R. Pirozzolo, Esq., counsel to Black & Decker, at Willcox, Pirozzolo & McCarthy, P.C., 50 Federal Street, Boston, Massachusetts 02110.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Janice Kelley Rowan
　　　　　　　　　　　　　　　　　　　　　Janice Kelley Rowan

# 1965974_v1