UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br><br>Defendants. | 96-CV-10804-DPW<br>Case Numbers:<br>1:04-CV-10657-DPW (Middleton)<br>1:04-CV-10684-DPW (Whitman) |

## **STATUS REPORT**

Pursuant to this Court's Order of December 10, 2004, Liberty Mutual submits this Status Report regarding the progress made with respect to the production of documents from the Aetna/Travelers regarding the two (2) settlements entered into between Black & Decker and the Aetna/Travelers regarding certain claims made by Black & Decker for insurance coverage.

Subsequent to the status conference of November 30, Liberty Mutual promptly issued a deposition notice and subpoena *duces tecum* to the Aetna/Travelers scheduling the deposition for December 13 which would have provided Aetna/Travelers approximately 11 days to assemble the requested documents, and still provide Liberty Mutual four (4) days to prepare and file the

memorandum regarding the issue of set-off for the Court. A copy of the deposition notice and subpoena is attached hereto as Exhibit A. Thereafter, counsel for Liberty Mutual and in-house counsel at Travelers, Robert Miley, had several discussions regarding the documents.

During one discussion, Liberty Mutual learned from Mr. Miley that he was not certain that the person who had negotiated the first Aetna settlement was still with the company since the Travelers purchase of Aetna post-dated that settlement. Further, he was not sure where the requested documents were located. A couple of days later on December 8, Mr. Miley informed counsel for Liberty Mutual that there was no one at the company who had any involvement in the first settlement, and that the documents were off-site. He explained that he would be making arrangements to obtain these documents as soon as possible, but that he could not do so by the December 13 scheduled date for the deposition.

At this point, counsel for Liberty Mutual sent a note to the clerk's office explaining the issue and seeking assistance. Thereafter, this Court issued the Order annexed hereto as Exhibit B. Counsel for Liberty Mutual forwarded the Order to Mr. Miley at Travelers.

During this period of time, counsel for Liberty Mutual received a call from an attorney, Katherine Monnes, of the Day Berry Howard firm, explaining that she had been retained by Travelers and Mr. Miley to assist them in connection with this deposition subpoena. She confirmed that the documents were off-site, that they

were in the process of retrieving them, and that they would be reviewing them for privilege issues as soon as they had been retrieved, all in an effort to respond promptly.

On Monday, December 13, counsel for Liberty Mutual and counsel for Travelers had a conference call to discuss the document request. Counsel for Liberty Mutual and Travelers have had numerous discussions since that time working to reduce the impact of the request on Travelers so that the documents could be produced promptly. Correspondence from Travelers and its counsel have been forwarded to counsel for Liberty Mutual, including the copy attached hereto as Exhibit C.

Additional telephone conversations between counsel for Liberty Mutual and counsel for Travelers also have occurred, and the attorneys continue to work towards a resolution of these outstanding issues. As it stands, Travelers and its counsel have indicated that the documents could be available for review towards the end of the first week in January. This delay appears to be due in large part first, to the fact that the documents were off-site, and second, to the holidays this week and next week. We anticipate a resolution of this issue prior to the status conference later this week.

In connection with the document production, there also remain the outstanding issue of the deposition. In that regard, Travelers, has indicated that there is an issue with respect to the identity of the deponent(s). Counsel for Liberty

Mutual and Travelers continue to work towards a resolution of that issue, and we anticipate a resolution of that issue by the status conference later this week.

## CONCLUSION

Liberty Mutual expects that a resolution of the outstanding issues regarding the document review and deposition of Aetna/Travelers will be reached by the status conference later this week. At that time, counsel for Travelers and Liberty Mutual will be in a better position to provide the Court with proposed dates regarding the document production, the deposition and the requested briefing on the Whitman and Bostik-Middleton sites.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By its Attorneys,

*/s/ Ralph T. Lepore, III*
Ralph T. Lepore, III (BBO #294420)
Janice Kelley Rowan (BBO #265520)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: December 20, 2004

# 2479047_v1

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party ~~by mail~~/by hand.
Dated: 12-20-04