UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC.,<br><br>Defendants. | C.A. No. 96-cv-10804-DPW<br>C.A. No. 1:04-cv-10657-DPW<br>C.A. No. 1:04-cv-10684-DPW<br><br>**NOTICE OF TAKING DEPOSITION DUCES TECUM OF ST. PAUL TRAVELERS d/b/a TRAVELERS f/k/a AETNA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

TO: Jack R. Pirozzolo, Esq.
   **Willcox, Pirozzolo & McCarthy, PC**
   **50 Federal Street**
   **Boston, MA 02110**

PLEASE TAKE NOTICE that the plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its counsel, will take the deposition upon oral examination of St. Paul Travelers d/b/a Travelers f/k/a Aetna ("Travelers"), pursuant to Federal Rule of Civil Procedure 30(b)(6) and other applicable provisions of the Federal Rules of Civil Procedure, at the Hilton Hotel, 315 Trumbull Street, Hartford, Connecticut, beginning on **December 13, 2004 at 10:00 a.m.** and continuing from day to day until completed. The deposition will

take place before a notary public in and for the State of Connecticut, or before some other officer authorized by law to administer oaths.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Travelers shall designate one or more officers, directors, managing agents, employees, or other persons to testify on Traveler's behalf and to appear and testify with respect to the matters set forth on Schedule A hereto. Travelers is requested to identify the witness or witnesses who will appear in response to this Notice, and specify the subject matters identified on Schedule A as to which each such witness will provide testimony.

A subpoena *duces tecum* will be issued from the United States District Court District of Connecticut requiring the deponent to bring with him those documents described on Schedule B attached hereto.

The oral examination will continue from day to day until completed.

You are invited to attend and cross examine.

Respectfully submitted,

**LIBERTY MUTUAL INSURANCE COMPANY**

By its attorneys,

/s/ RWT
_____
Ralph T. Lepore, III (BBO #294420)
Deborah E. Barnard (BBO #550654)
Brett D. Carroll (BBO #640569)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: December 2, 2004

# 2432622_v1

I hereby certify under the pains and penalties of perjury that this document was served upon counsel for all parties in this case on

12-2-04    By Hand / By Mail / By FAX

- 3 -

## SCHEDULE A

## DEFINITIONS

1. "USM" refers to the corporation formerly known as the United States Machinery Corporation, which was acquired by an Emhart subsidiary in 1976, and was merged into defendant Emhart Industries in 1987.

2. "Black & Decker" means the named defendants in this action including, without limitation, USM, USM Corporation, Emhart Industries, Inc., the Shoe Machinery Division of Emhart Corporation, Emhart Enterprises Corporation, Farrel Corporation, MITE Corporation, and PCI Group, Inc., together with their predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

3. "Liberty Mutual" means the named plaintiff in this action, Liberty Mutual Insurance Company together with their predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

4. "Relating to" shall mean referring to, describing, evidencing, concerning, or constituting.

5. "Documents" shall include, but not be limited to, correspondence, letters, memoranda, handwritten notes, writings, messages, telegrams, diaries, calendars, appointment books, data stored in personal digital assistants, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other written, printed, typed, punched, taped, filed or graphic material, however produced or reproduced. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Settlement Agreement" shall refer to any and all settlement agreements between Black & Decker and Aetna Life & Casualty, Aetna Life & Casualty, Inc., Aetna Casualty and Surety Company, and Aetna, Inc. (collectively "Aetna"), St. Paul Travelers, and/or The Travelers Corp, and all predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge

of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

7. The terms "and" and "or" shall be construed conjunctively and disjunctively in order to request the broadest scope of information possible.

8. "You" and/or "your" shall refer to Aetna, St. Paul Travelers and/or The Travelers Corp. together with their predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

9. "Claims" includes all claims submitted by Black & Decker to you arising from the following: those claims referenced in the Settlement Agreement(s); A-1 Disposal Site; Abarca Bostik; Alwell; Arkansas Hearing Loss; Ansonia/Derby Sites; Beacon Heights Site, Beverly Site; Berks Landfill Site; Boarhead Farms Site; Bostik Marshall Site; Bostik, Middleton Site; Bostik/Torrance Site; BROS Site; Dudley & Eddy Site; Ft. Wayne Reduction Site; Harmonic Drive Site; Huth Oil Site; J.C. Rhodes Site; Jaffrey Sanitary Landfill Site; Laurel Park Site; Maritime Asbestos; Maritime Hearing Loss; Medway Site; Mississippi Hand/Arm Vibration; Mississippi Hearing Loss; New York City Landfill Site; Old Southington Landfill Site; PAS/Fulton Site; Pas/Oswego Site; Pennsylvania Benzene; Review Avenue Site; Shaffer Landfill Site; Simpsonville Site; Solvents Recovery Service Site; Union Chemical Site; W.W. Cross Site; Whitman Site; Silent Hoist Site; PAS/Volney Site;

PAS/Power line Rice Road; PAS/Irwin Site; Suttonbrook Site; Uniontown Site; Holbrook Superfund Site, Mexico, NY; MCC Plant Site; Hopkinsville, KY Site; Lyboult, NY Site; and the Hampstead Maryland Site.

## SUBJECT MATTERS FOR INQUIRY

1. Any Settlement Agreement(s) contemplated, negotiated or entered into between you and Black & Decker, including all documents and communications relating to the negotiations thereof.

2. Any and all Settlement Agreement(s), releases, and related settlement documents contemplated, negotiated or entered into between you and Black & Decker, including any and all drafts of Settlement Agreement(s), releases, related settlement documents and communications, including without limitation, all correspondence relating thereto.

3. Any and all communications between you and Black & Decker concerning any of the Claims, including, but not limited to, correspondence exchanged between you and Black & Decker.

4. Any and all communications between you and Black & Decker concerning Liberty Mutual, including, but not limited to, correspondence exchanged between you and Black & Decker.

## SCHEDULE B

## DEFINITIONS

1.      "USM" refers to the corporation formerly known as the United States Machinery Corporation, which was acquired by an Emhart subsidiary in 1976, and was merged into defendant Emhart Industries in 1987.

2.      "Black & Decker" means the named defendants in this action including, without limitation, USM, USM Corporation, Emhart Industries, Inc., the Shoe Machinery Division of Emhart Corporation, Emhart Enterprises Corporation, Farrel Corporation, MITE Corporation, and PCI Group, Inc., together with their predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

3.      "Liberty Mutual" means the named plaintiff in this action, Liberty Mutual Insurance Company together with their predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

4.      "Relating to" shall mean referring to, describing, evidencing, concerning, or constituting.

5. "Documents" shall include, but not be limited to, correspondence, letters, memoranda, handwritten notes, writings, messages, telegrams, diaries, calendars, appointment books, data stored in personal digital assistants, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other written, printed, typed, punched, taped, filed or graphic material, however produced or reproduced. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Settlement Agreement" shall refer to any and all settlement agreements between Black & Decker and Aetna Life & Casualty, Aetna Life & Casualty, Inc., Aetna Casualty and Surety Company, and Aetna, Inc. (collectively "Aetna"), St. Paul Travelers, and/or The Travelers Corp, and all predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge

of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

7.   The terms "and" and "or" shall be construed conjunctively and disjunctively in order to request the broadest scope of information possible.

8.   "You" and/or "your" shall refer to Aetna, St. Paul Travelers and/or The Travelers Corp. together with their predecessors or successors in interest, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives, shareholders, and other persons acting or purporting to act on their behalf having any knowledge of or relationship to, or involvement with, any matters within the scope of discovery permitted under Federal Rule of Civil Procedure 26.

9.   "Claims" includes all claims submitted by Black & Decker to you arising from the following: those claims referenced in the Settlement Agreement(s); A-1 Disposal Site; Abarca Bostik; Alwell; Arkansas Hearing Loss; Ansonia/Derby Sites; Beacon Heights Site, Beverly Site; Berks Landfill Site; Boarhead Farms Site; Bostik Marshall Site; Bostik, Middleton Site; Bostik/Torrance Site; BROS Site; Dudley & Eddy Site; Ft. Wayne Reduction Site; Harmonic Drive Site; Huth Oil Site; J.C. Rhodes Site; Jaffrey Sanitary Landfill Site; Laurel Park Site; Maritime Asbestos; Maritime Hearing Loss; Medway Site; Mississippi Hand/Arm Vibration; Mississippi Hearing Loss; New York City Landfill Site; Old Southington Landfill Site; PAS/Fulton Site; Pas/Oswego Site; Pennsylvania Benzene; Review Avenue Site; Shaffer Landfill Site; Simpsonville Site; Solvents Recovery Service Site; Union Chemical Site; W.W. Cross Site; Whitman Site; Silent Hoist Site; PAS/Volney Site;

PAS/Power line Rice Road; PAS/Irwin Site; Suttonbrook Site; Uniontown Site; Holbrook Superfund Site, Mexico, NY; MCC Plant Site; Hopkinsville, KY Site; Lyboult, NY Site; and the Hampstead Maryland Site.

## **DOCUMENTS FOR PRODUCTION**

1. You are requested to produce any and all documents relating to any and all Settlement Agreement(s) contemplated, negotiated or entered into between you and Black & Decker, including all documents relating to the negotiations thereof.

2. You are requested to produce any and all Settlement Agreement(s), releases, and related settlement documents contemplated, negotiated or entered into between you and Black & Decker, including any and all drafts of Settlement Agreement(s), releases, related settlement documents, and correspondence relating thereto.

3. You are requested to produce any and all documents constituting or regarding communications between you and Black & Decker concerning any of the Claims, including, but not limited to, correspondence exchanged between you and Black & Decker.

4. You are requested to produce any and all documents constituting or regarding communications between you and Black & Decker concerning Liberty Mutual, including, but not limited to, correspondence exchanged between you and Black & Decker.

# 2432222_v1