Exhibit C

# Day, Berry & Howard LLP
COUNSELLORS AT LAW

Kathleen D. Monnes
Direct Dial: (860) 275-0103
E-mail: kdmonnes@dbh.com

December 17, 2004

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Ralph T. Lepore, III
Holland and Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116

Re:   Liberty Mutual Insurance Co. v. The Black & Decker Corp., et al.

Dear Ralph:

Although I appreciate that we appear to be making progress on reaching an agreement to limit the scope of the Notice of Deposition Duces Tecum of St. Paul Travelers (the "Subpoena") in the above-referenced matter, I am writing on behalf of Travelers in order to preserve its objection to the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure in the event that such an agreement cannot ultimately be reached.

In short, as we have already discussed in greater detail, the general grounds for Travelers's objection are as follows:

(i)   the Subpoena requests information and testimony protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, rule, or duty of confidentiality;

(ii)  the Subpoena requests information and testimony that appear to be irrelevant;

(iii) the scope of the information and testimony requested by the Subpoena is overly broad;

(iv)  the Subpoena is unduly vague, precluding Travelers from determining with sufficient precision the identity of the documents requested and the nature of the testimony sought;

(v)   the Subpoena did not allow reasonable time for compliance, especially because the scope of the information and testimony requested is overly broad and the individuals with knowledge of that information are no longer employed by Travelers or associated with Day, Berry & Howard LLP;

## Day, Berry & Howard LLP

Ralph T. Lepore, III
December 17, 2004
Page 2

    (vi)    the Subpoena requests information and testimony that should be available directly from a party; and

    (vii)    the Subpoena places an undue burden on Travelers;

Non-parties like Travelers are entitled to heightened protection from discovery. As the First Circuit Court of Appeals recognized in Casumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998):

> Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

See also e.g., Addamax Corp. v. Open Software Found, Inc., 148 F.R.D. 462, 468 (D. Mass. 1993); Blount International, LTD v. Schuylkill Energy Resources, Inc., 124 F.R.D. 523, 526 (D. Mass. 1989).

In Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001), the First Circuit again recognized the heightened protection to which non-parties are entitled, prohibiting a party from going on a "fishing expedition" with the mere "hope" of obtaining relevant information from a non-party.

In Mannington Mills, Inc. v. Armstrong World Indus., 206 F.R.D. 525, 529, (D. Del. 2002), the United States District Court for the District of Delaware granted a non-party's motion to quash because compliance with the subpoena would have taken more than a month and cost the non-party hundreds of man-hours. The court explained that "even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Id.

Here, even if we were to assume that all of the information and testimony requested in the Subpoena were relevant, an assumption with which we disagree, the potential harm to Travelers caused by the disruption to its business would outweigh any benefit to Liberty Mutual. Moreover, given that the subpoenaed information and testimony should be available directly from Black & Decker, there is no need for Travelers to incur the undue burden and expense that compliance would require.

Please call me to this discuss this matter further. Hopefully, prior to appearing before Judge Woodlock on December 23, 2004, we can finalize an agreement limiting the scope of the Subpoena and setting a reasonable time for compliance.

Day, Berry & Howard LLP

Ralph T. Lepore, III
December 17, 2004
Page 3

Thank you, and I look forward to hearing from you.

Very truly yours,

*Kathleen D Monnes* /dmc

Kathleen D. Monnes

KDM
cc:   Robert Miley, Esq.
      Robert Hyland, Esq.
      Mark E. Swirbalus, Esq.